

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,422-01

**EX PARTE STEVEN DALE MCCAIN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-372-W012057-1373308-A
### IN THE 372ND DISTRICT COURT DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of continuous sexual abuse of a child under 14 and sentenced to 30 years' imprisonment. The Second Court of Appeals affirmed his conviction. *McCain v. State,* No. 02-16-00411-CR (Tex. App. – Fort Worth, March 15, 2018). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On Nov. 11, 2021, Applicant filed a motion to recuse the habeas judge. The judge did not agree to recuse himself and referred the motion to the presiding judge of the administrative region. The Presiding Judge for the Eighth Administrative Judicial Region scheduled a hearing on the

recusal motion for Jan. 6, 2022. On Jan. 11, 2022, he signed an order resetting the hearing for Jan. 20, 2022.

The application was forwarded to this Court on Jan. 3, 2022. The district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, because recusal proceedings were pending when the habeas corpus record was forwarded to this Court, no judge has participated in the review of this writ application. Tex. R. Civ. P. 18a.

We remand this application to the trial court. Following the recusal proceedings, the appropriate judge shall review the pleadings and determine whether there are controverted, previously unresolved facts material to the legality of the Applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07 § 3(c). If the court determines that there are such facts, the court shall designate the appropriate issues and resolve them. If not, the court shall enter an order finding that there are no unresolved issues material to the legality of Applicant's confinement and notify the District Clerk so the writ record may be returned to this Court.

This application will be held in abeyance until the trial court has reviewed the writ application and resolved any fact issues, if necessary. Any issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with any findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 9, 2022
Do not publish